UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES STEWART, et al.,

    Plaintiffs,

v.

MARTI MCCALEB, et al.,

    Defendants.

CASE NO. C18-5407 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR SANCTIONS

This matter comes before the Court on Defendants' motion to dismiss and motion for sanctions. Dkt. 7. Also before the Court is Plaintiffs' motion for an extension of time to file a response, which the Court grants. Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion to dismiss and denies Defendants' motion for sanctions.

Plaintiffs filed their complaint on May 21, 2018. Dkt. 1. In their complaint, Plaintiffs allege that Plaintiff James Stewart was blinded in his left eye due to medical negligence, that the defendant attorneys lied in his subsequent malpractice lawsuit, and that Judge Bryan Chushcoff resolved the case in the defendant doctor's favor. *Id.*

Subsequent pleadings reveal further allegations by Plaintiffs that Defendant McCaleb presented a false statement that Plaintiff had previously been ordered to file his suit within one year, and Judge Chushcoff consequently granted the defendant doctor's motion for summary judgment predicated on a statute of limitations argument. Dkts. 13, 15, 17. Judge Chushcoff also allegedly denied a motion for reconsideration. *See* Dkt. 17. Plaintiffs further allege that they would have received a one million dollar settlement had the case been allowed to proceed to trial. Dkt. 1 at 5. Plaintiffs' complaint claims that these actions constitute a violation of due process. *Id.* at 3.

On May 31, 2018, Defendants moved to dismiss the complaint and filed a contemporaneous motion for sanctions. Dkts. 7, 8. On June 26, 2018, after the time to respond had passed, Plaintiffs requested additional time to respond. Dkt. 13. On July 9, 2018, Plaintiffs filed a response. Dkt. 7. On July 12, 2018, Defendants filed a reply reincorporating their previous reply. Dkts. 11, 12, 16. On July 23, 2018, Plaintiffs filed a surreply. Dkt. 17.

A. **Motion for Extension**

As a preliminary matter, the Court observes that Plaintiffs have already filed a response to Defendants' motions, notwithstanding the responsive pleadings' untimeliness. *See* Dkts. 15, 17. The Court has considered these pleadings in its review of the merits of Defendants' motions. Accordingly, Plaintiffs' motion for an extension of time (Dkt. 13) is deemed to have been granted.

B.   **Motion to Dismiss**

Plaintiffs' allegations plainly fail to state a claim of deprivation of due process. At most, Plaintiffs' claims against Judge Chushcoff express that Plaintiffs are dissatisfied with the state court's result in their previous proceeding. However, "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994), *cert. denied*, 525 U.S. 1103 (1999)). Furthermore, Judge Chushcoff is plainly entitled to judicial immunity in his decisions to grant summary judgment against Plaintiffs and deny their motion for reconsideration. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). Finally, to the extent that Plaintiffs bring due process claims against the remaining defendants, they are not state actors.

Plaintiffs' only asserted claim is a purported deprivation of due process. To the extent that Plaintiff alleges that attorneys for the defendant doctor in his prior lawsuit lied in those proceedings, the Court notes that allegations of such conduct by a non-state actor do not state a federal claim over which the Court has original jurisdiction. Even if Plaintiffs' complaint can be construed to identify some cause of action under state law, because the only implication of a federal claim is Plaintiffs' bald assertion of a due process violation, the Court need not consider any additional claims. *See* 28 U.S.C. §

1367(3); *Sikhs for Justice "SFJ," Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015) ("[W]here a district court has dismissed all claims over which it has original jurisdiction, it may *sua sponte* decline to exercise supplemental jurisdiction over remaining state law claims.").

C.     **Motion for Sanctions**

Regarding Defendants' motion for sanctions, they have outlined a series of conduct whereby it plausibly could be concluded that Plaintiffs have engaged in a pattern of vexatious and frivolous litigation. Dkts. 8, 9, 18. Federal courts have the discretion to prevent litigants from engaging in frivolous litigation. *See* 28 U.S.C. § 1651; *Clinton v. United States*, 297 F.2d 899 (9th Cir. 1961). Litigation misconduct, such as frivolous complaints, are also sanctionable under the Court's inherent powers. *See* Local Rules W.D. Wash. LCR 11(c) (giving the court authority to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . ., or who otherwise so multiplies or obstructs the proceedings in a case . . . ."). Accordingly, the Court possesses the authority to both enjoin Plaintiffs' future filings and to issue sanctions if it determines that Plaintiffs are abusing the judicial process by acting vexatiously, wantonly, or with oppressive motives. *See Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir. 2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). The Court declines to do so presently, but Plaintiffs are notified of the Court's authority and that sanctions may be imposed if the Court determines in the future that its resources are being wasted on vexatious lawsuits. Defendants' motion for sanctions (Dkt. 8) is denied.

### D. Leave to Amend

The legal shortcomings of Plaintiffs' claim are not a matter that can be resolved by amendment. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities."). Because amendment would be futile, Plaintiffs' due process claim is dismissed with prejudice and without leave to amend.

Therefore, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss (Dkt. 7) is **GRANTED** and Plaintiffs' claims are dismissed as stated in this order;

2. Defendants' motion for sanctions (Dkt. 8) is **DENIED**;

3. Plaintiffs' motion for an extension of time to respond (Dkt. 13) is **GRANTED** and the Court has accepted Plaintiffs' late-filed pleadings.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 15th day of August, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge